NO. 12-01-00132-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MICHAEL SWANSON,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 Michael Swanson, who was convicted of aggravated assault, appeals the trial court's order
of final adjudication in which the trial judge sentenced him to thirty years of confinement. In his sole
issue, Appellant contends the trial judge violated his due process rights by imposing a predetermined
outcome when, in ruling on the State's motion to adjudicate, he failed to consider continued
probation and, instead, automatically sentenced Appellant to a prison term. We affirm.

 Appellant pleaded guilty to aggravated assault pursuant to a plea bargain agreement in which
the State recommended ten years of deferred adjudication probation. At the plea hearing, the trial
judge admonished Appellant that if he received probation and then violated any condition of
probation, the trial judge would revoke his probation, adjudicate him guilty, and assess a prison
sentence of between twenty-five and ninety-nine years. Two weeks later, the trial judge placed him
on deferred adjudication probation for ten years. At that sentencing hearing, the trial judge again told
Appellant that if any violation is proven, he would revoke probation and Appellant would be "going
away for a very, very long time." Shortly thereafter, the State filed a motion to adjudicate. Both
sides presented evidence at the hearing on that motion. The trial judge found that Appellant had
violated a condition of probation, adjudicated him guilty of aggravated assault, and sentenced him
to thirty years of imprisonment. 

 In his sole issue, Appellant asserts his due process rights were violated when the trial judge
revoked his probation and sentenced him to a prison term. He argues that the trial judge was
committed in advance to revoking Appellant's probation and did not impartially consider the
evidence and applicable law which allows the court to continue a defendant's probation. Because
he had a statutory right to be considered for continued probation, he contends, the trial judge violated
his due process rights when he determined, as early as the plea hearing, that he would not consider
anything other than a prison term.

 At the time Appellant filed his brief, he did not have the benefit of Hull v. State, No. 1812-00, 2002 Tex. Crim. App. LEXIS 16 (Tex. Crim. App. Jan. 30, 2002). There, Hull asserted the same
complaint as Appellant and the court of criminal appeals held that an appellant may not raise this
complaint for the first time on appeal. Id. at *7. Here, Appellant did not object at any time, in any
of the various proceedings, to the trial judge's statements that he would revoke probation if any
violation were proved. Accordingly, Appellant's complaint is waived. We overrule his sole issue.

 We affirm the trial court's order.

Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J. and Worthen, J.

Griffith, J., not participating.
















(DO NOT PUBLISH)